IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ASHLEY GRESHAM, | : | Case No. 1:23-cv-624 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| OPW FUELING COMPONENTS, LLC, | : | |
| | : | |
| Defendant. | : | |

**ORDER OF DISMISSAL**

This matter is before the Court sua sponte. On December 18, 2024, the Court granted Counsel's Motion to Withdraw as Plaintiff's Counsel. (Order, Doc. 9.) In doing so, the Court further ordered that Plaintiff provide notice—within 30 days—as to whether she intends to secure new counsel or proceed pro se. (*Id*.) The Court ordered that prior counsel provide a copy of said Order to Plaintiff. (*Id*.) Additionally, the Court mailed a copy of the Order to Plaintiff's last known address, but it was returned as undeliverable. (*See* Doc. 11.) Plaintiff has not notified the Court of her intentions in proceeding with this matter.

On February 10, 2025, the Court ordered Plaintiff to show cause within 14 days as to why her Complaint should not be dismissed for failure to prosecute. (Order to Show Cause, Doc. 13.) This Order was mailed to Plaintiff's last known address, but it was again returned as undeliverable. (*See* Doc. 14.) To date, Plaintiff has failed to respond to the Court's orders or otherwise indicate her desire to prosecute this matter. On February 26,

2025, Defendant moved to extend the dispositive motion deadline of March 3, 2025, in order for the Court to consider Plaintiff's lack of responses and apparent abandonment of her claims. (Motion to Extend Deadline, Doc. 15.)

District courts have the power to dismiss civil actions sua sponte for want of prosecution in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Federal Rule of Civil Procedure 41(b) provides that courts may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In assessing a potential dismissal for failure to prosecute, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, Plaintiff has repeatedly failed to comply with the Court's orders to obtain counsel or otherwise indicate her intention to continue prosecuting this matter. *Millican v. CoreCivic, Inc.*, No. 3:22-CV-807, 2023 WL 8813515, at *2 (M.D. Tenn. Dec. 20, 2023) (explaining that "failure to respond to a show cause order is indicative of willfulness and fault"). While the Court's mailings of these orders were returned as undeliverable, litigants have "an affirmative duty to notify the court of any changes in [their] address." *Frost v. Warden, Chillicothe Corr. Inst.*, No. 2:19-CV-4244, 2019 WL 7584277, at *1 (S.D. Ohio

2

Dec. 20, 2019), *report and recommendation adopted*, No. 2:19-CV-424, 2020 WL 224969 (S.D. Ohio Jan. 15, 2020) (collecting cases). Counsel for Defendant has also repeatedly attempted to contact Plaintiff by phone to no avail. (Motions to Extend, Docs. 12, 15.) By depriving the Court of a means of contacting her, as well as failing to respond to multiple court orders, Plaintiff's course of conduct demonstrates willfulness, bad faith, or fault.

Next, the Court considers whether Defendant was prejudiced by Plaintiff's conduct. Since the Court previously extended the dispositive motion deadline, Defendant does not appear to have been substantially prejudiced at this time. *See Millican*, 2023 WL 8813515, at *2. However, the Court recognizes Defendant's concern of completing and filing a dispositive motion if this matter will not ultimately proceed. (Motion to Extend Deadline, Doc. 15, Pg. ID 54-55.)

As to the third factor, Plaintiff was warned that failing to respond to the Order to Show Cause may result in dismissal of her claims. (Order to Show Cause, Doc. 13.) Moreover, turning to the last factor, the Court has considered less drastic sanctions but concludes that dismissal is appropriate under the circumstances. *See Frost*, 2019 WL 7584277, at *2; *Fountain v. Warden, Franklin Med. Ctr.*, No. 2:13-CV-271, 2013 WL 2468361, at *2 (S.D. Ohio June 7, 2013), *report and recommendation adopted*, No. 2:13-CV-271, 2013 WL 3467057 (S.D. Ohio July 9, 2013) ("There is no sanction the Court could impose that would reach Plaintiff because he has left this Court with no means of contacting him.") "Dismissal without prejudice balances the [C]ourt's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Millican*, 2023 WL 8813515, at *3 (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552,

557 n.5 (6th Cir. 2004)).

For the foregoing reasons, the Court **ORDERS** that:

1. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

2. Defendant's Motion to Extend Dispositive Motion Deadline (Doc. 15) is **DENIED AS MOOT**; and

3. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND